IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -6 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02551-OES

JUSTIN JOSEPH RUEB,

    Plaintiff,

v.

LARRY REED,
JOE ORTIZ, and
DENNIS BURBANK,

    Defendants.

---

ORDER TO FILE AMENDED COMPLAINT AND TO SHOW CAUSE

---

Plaintiff Justin Joseph Rueb is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 (Supp. 2005) and 28 U.S.C. § 1343(a)(3) (1993) for money damages and unspecified injunctive and declaratory relief.

The Court must construe the complaint liberally because Mr. Rueb is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rueb will be ordered to file an amended complaint and to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.

Mr. Rueb challenges a prison policy of allegedly rejecting all literature and brochures that relate to pen-pal advertisement placement businesses (claim one). He also challenges a prison policy of allegedly allowing employees in the prison mail room to reject letters to inmates if the employees suspect the letters respond to inmate pen-pal advertisements (claim two). He further challenges a prison policy of allegedly rejecting without a legitimate reason suspected responses to pen-pal advertisements (claim three). He attacks a prison policy of allegedly prohibiting Colorado state prisoners from placing pen-pal advertisements (claim four). He also attacks a prison policy of allegedly prohibiting prisoners from doing business or communicating with Internet-based businesses (claim five). Finally, he contends that the defendants, as well as other entities and individuals not named as defendants in the caption to the complaint, have conspired to ban him from placing pen-pal advertisements (claim six).

Merely making vague and conclusory allegations that his or her rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the Court construes such pleadings. **See Ketchum v. Cruz**, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." **Hall**, 935 F.2d at 1110. In the amended complaint he will be ordered to submit, Mr. Rueb must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Rueb must include in the caption to the amended complaint each defendant

2

he intends to sue. *See* Rule 10(a) of the Federal Rules of Civil Procedure. Mr. Rueb also must assert clearly in the amended complaint each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Rueb is advised that he must provide sufficient copies of the amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Rueb should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations.

In addition, it appears that Mr. Rueb has failed to exhaust each of his claims through the DOC grievance system. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2004), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust

administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. **See Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Mr. Rueb is a prisoner confined in a correctional facility. The claims he asserts relate to prison conditions. Therefore, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Rueb must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Rueb has failed to exhaust administrative remedies for any one of his claims, the entire complaint must be dismissed.

The DOC grievance procedure available to Mr. Rueb and to all inmates, **see** DOC Administrative Regulation 850-4, Grievance Procedure, applies "to a broad range of complaints including, but not limited to: policies and conditions within the institution that affects [sic] the offender personally, actions by employees and offenders, and incidents occurring within the institution that affects [sic] the offender personally." DOC Administrative Regulation 850-4, Grievance Procedure at IV.B.1.h.

To exhaust administrative remedies under the prison grievance procedure, an inmate must complete the three-step formal grievance procedure. **See** DOC

4

Administrative Regulation 850-4, Grievance Procedure at IV.D.  The response at the third and final step of the formal grievance process certifies that the grievance procedure has been exhausted.  *See* DOC Administrative Regulation 850-4, Grievance Procedure at IV.D.4.c. and g.

Mr. Rueb only attaches a copy of his informal attempt to grieve a claim about not being allowed to place pen-pal advertisements on the Internet, a claim he does not assert in his complaint.  He fails to describe with specificity his attempts to exhaust the claims asserted in the complaint, offering instead only vague allegations about grievances he filed pertinent to claims one and two.  Therefore, Mr. Rueb has failed either to attach copies of administrative proceedings pertinent to his asserted claims or to describe with specificity the disposition of his attempts to exhaust each asserted claim.  Therefore, Mr. Rueb will be ordered to show cause why the complaint should not be dismissed for failure to exhaust the DOC's three-step administrative grievance procedure.  Accordingly, it is

ORDERED that Mr. Rueb file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the directives in this order and that shows cause why the complaint should not be dismissed for failure to exhaust the Colorado Department of Corrections' three-step administrative remedy procedure.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901

Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Rueb, together with a copy of this order, two copies of the following form for use in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Rueb submit sufficient copies of the amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Rueb fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 6th day of January, 2006.

BY THE COURT:

*[signature]*

~~O. EDWARD SCHLATTER~~
United States Magistrate Judge

**BOYD N. BOLAND**
**United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02551-OES

Justin Joseph Rueb
Prisoner No. 94567
CSP – Unit C6-113
P.O. Box 777
Canon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 1/6/06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk